# IN THE COURT OF APPEALS OF IOWA

No. 16-0139
Filed October 26, 2016

**ERNEST CHRISTENSEN,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Osceola County, Patrick M. Carr, Judge.

Applicant appeals from the order denying his application for postconviction relief. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**MCDONALD, Judge.**

Ernest Christensen pleaded guilty to third-degree sexual abuse, a class "C" felony, in violation of Iowa Code section 709.4(1)(b)(2), 709.4(2) (2013). Christensen filed an application for postconviction relief, contending his plea counsel provided constitutionally ineffective assistance of counsel by misadvising Christensen regarding the amount of time Christensen would be incarcerated. The district court denied the application for postconviction relief, and Christensen timely filed this appeal.

Generally, we review postconviction-relief proceedings for correction of errors at law. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). "However, when the applicant asserts claims of a constitutional nature, our review is de novo. Thus, we review claims of ineffective assistance of counsel de novo." *Id.* (citation omitted). To establish a claim of ineffective assistance of counsel, an applicant must show (1) the attorney failed to perform an essential duty and (2) prejudice resulted. *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2008). In the context of a guilty plea, an applicant must prove a reasonable probability that, but for the alleged error, he would not have pleaded guilty and would have insisted on going to trial. *See State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006).

On de novo review, we conclude Christensen failed to establish his plea counsel breached an essential duty. Christensen contends that he asked his attorney, prior to accepting the plea deal, the length of time he would be incarcerated and that the attorney answered Christensen would serve only eighteen months. Christensen has now served more than two years. He will not be released until he completes a sex offender treatment program, possibly in

2017, well past the eighteen-month period. Christensen's plea counsel credibly testified it was "not likely" he would have told Christensen he would serve only eighteen months on a ten-year sentence. Christensen's plea counsel also credibly testified that he generally told his clients the amount of time they would actually serve is left to the discretion of the parole board. He also recalled having that conversation with Christensen. The district court also explicitly informed Christensen during the plea colloquy that the sentence was an indeterminate term not to exceed ten years but the amount of time Christensen would actually serve was left to the discretion of the board of parole. Christensen never raised the issue during the plea colloquy or sentencing. Under the circumstances, we find Christensen's testimony not credible.

We also conclude Christensen has not established prejudice—i.e., that he would have proceeded to trial but for counsel's error. The record shows Christensen performed a sex act (mouth to genitalia) with his thirteen-year-old granddaughter. There was overwhelming evidence of his guilt. In addition to the victim's testimony, Christensen admitted his conduct to his daughter, the victim's mother. He turned himself in to authorities and confessed to two sheriff's deputies, and the confession was digitally recorded. Christensen confessed to a child protective investigator. He also profanely described his conduct on a recorded jail phone call. He most certainly would have been convicted as charged if the matter had gone to trial. Instead, Christensen received substantial concessions to reduce his total criminal exposure by pleading guilty. Finally, it appears the primary motivation for Christensen in accepting the guilty plea was to avoid putting his family through the trauma of trial. He instructed his counsel

to press for the best deal possible, and his counsel did so. We conclude Christensen failed to prove he would have proceeded to trial absent the alleged statement by his lawyer. *See State v. Weaver*, No. 15-0040, 2015 WL 6509024, at *3 (Iowa Ct. App. Oct. 28, 2015) (finding there was no reasonable probability the defendant would have insisted on going to trial where the defendant received substantial concessions by pleading guilty and the evidence was strong, including the defendant's admissions).

**AFFIRMED.**